APPEAL of WILLIAM ROBINSON, Guardian of JOHN M'CLA-
REN, a Minor.

The Supreme Court will not disturb a decree of the Orphans' Court refusing to
order a sale of the land of a ward, which had been reported to be necessary and
expedient by an auditor, unless controlling reasons for so doing appear on the
record.

APPEAL from the Orphans' Court of Allegheny.

*Sept.* 6. The guardian applied for an order of sale, of certain
of his ward's lands, for the payment of debts. The Orphans' Court
referred the application to Mr. Magraw, an auditor, who reported
that the sale was necessary and expedient. Subsequently, the court
refused to grant the order. The guardian appealed.

*Robinson,* for the appellant.

*Hamilton,* contrà.

The opinion of this court was delivered by

COULTER, J.—The guardian makes application to the Orphans'
Court for the sale of a tract of land for the maintenance of the
minor. An auditor reports in favour of the sale, but the Orphans'
Court refuse to order a sale, and the guardian appeals. The Or-
phans' Court being the local tribunal, is, of course, better acquainted
with the situation and probable increase in the value of the land,
and with the circumstances of the parties, than we can be. And
we do not feel inclined to disturb their decree under such a state of
facts, unless controlling reasons for doing so appear on the record.
Such do not exist in this case. The opinion of the auditor is not
sufficient to overturn the decree of the court.

The act of Assembly authorizes a sale of part of a tract of land,
for the purpose of maintenance; and taking the auditor's estimate
of all the debts due by the estate of the minor, and the value of
the land, or rather the price for which it would sell, as *supposed*
by the guardian, there would be left a surplus of $2,400. We
cannot perceive the necessity of converting this large amount into
personal estate. It appears that the minor is entitled to another
tract of land, subject to a life-estate of his grandmother, who ap-
pears, from what was said on the argument, to be quite an old
woman. It might have been found out, on investigation, that it
would be best to sell the tract subject to the life-estate, or that
part of the tract embraced in these proceedings might be advan-
tageously sold. The Orphans' Court have power to appoint suitable

persons to investigate the facts of the case when an application is made for the sale or mortgage of real estate, by a guardian; and, as no investigation seems to have been made, whether or not a part of the tract might not be advantageously sold, sufficient for the purpose of maintaining the minor, or whether the amount might not be raised by mortgage, we do not feel at liberty to set aside the decree of the Orphans' Court.

We do not assent to the suggestion of the auditor, that because the surplus might be advantageously made, it would conduce to the interest of the minor. That is not one of the objects contemplated by the statute.

We deem it safest for the minor to let the estate abide in realty, which, in the circumstances of a new and advancing country, may be greatly enhanced in value, if the requirements of the statute have been fulfilled.

Decree affirmed.